UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                          Chapter 7

REGINA DUDLEY and
JASON D. MCLEOD,                                                    Case No. 16-43885 (nhl)

                Debtors.
---------------------------------------------------------x

## APPLICATION FOR ORDER APPROVING RETENTION OF SPECIAL COUNSEL TO TRUSTEE

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

      Lori Lapin Jones ("Trustee"), the Chapter 7 trustee for Regina Dudley and Jason D. McLeod ("Debtors"), hereby requests that this Court authorize, pursuant to section 327(e) of title 11, United States Code ("Bankruptcy Code"), the employment and retention of Subin & Associates, LLP ("Firm") as special counsel to the Trustee in the Debtors' case. In support of this application ("Application"), the Trustee respectfully represents as follows.

## BACKGROUND

      1.      On August 30, 2016, the Debtors filed a joint Chapter 7 petition in this Court.

      2.      The Trustee was appointed the interim trustee in the Debtors' case and has since qualified and is serving as permanent trustee.

      3.      Prior to filing the petition, Debtor Regina Dudley retained the Firm in connection with personal injury claims the Debtor sustained in a motor vehicle accident. The Firm commenced a lawsuit on the Debtor's behalf entitled <u>Regina Dudley v. The City of New York, Kings County District Attorney, Norris Spencer and Maureen Mellisa</u>, Index No. 515476/2016 in the Supreme Court of the State of New York, County of Kings. A true copy of

the Retainer between the Debtor and the Firm is Exhibit A hereto. As set forth more fully in the Retainer, the Firm is to receive a 33 1/3 percent of all sums recovered net of costs and expenses and disbursements.

## RELIEF SOUGHT

4. After due consideration and deliberation, the Trustee has concluded that the interests of the Debtor's estate and its creditors would be best served by the retention of the Firm as special counsel to pursue the Debtor's personal injury claims. As set forth in the affidavit of Herbert Subin, Esq. ("Subin Affidavit"), the Firm is qualified to act as special counsel to the Trustee in this matter. A copy of the Subin Affidavit is Exhibit B hereto.

5. The Firm has been informed that its application for compensation and reimbursement of costs and expenses is subject to the approval of the Bankruptcy Court and shall be on a contingency basis as set forth in the Retainer and in this Application.

6. The Firm has been informed, and agrees, that notwithstanding anything in the Retainer Agreement:

(a) the settlement of the personal injury claims shall be subject to the Trustee's written consent and approval by the Bankruptcy Court;

(b) that upon settlement or other liquidation of the personal injury claims, the Firm will turn over the gross proceeds to the Trustee with such proceeds to be distributed in accordance with orders of the Bankruptcy Court;

(c) that expenses and disbursements shall be paid, upon approval of the Bankruptcy Court, from any recoveries and neither the Trustee nor the estate shall otherwise be liable for such expenses and disbursements;

(d) the Firm shall not be entitled to endorse any checks or drafts;

(e) the Chapter 7 estate shall not be liable for any medical expenses in the event there are insufficient funds to pay such expenses;

(f) the Firm may not withdraw as counsel without approval of the Bankruptcy Court upon written application on notice;

(g) any additional fee arrangement regarding any appeal shall be subject to approval of the Bankruptcy Court upon written application on notice;

(h) the Firm may not borrow funds to finance the Debtor's case without approval of the Bankruptcy Court upon written application on notice;

(i) the Firm may not retain attorneys outside the Firm to work on the Debtor's case except with Bankruptcy Court approval upon written application on notice; and

(j) the Firm may not share fees in the Debtor's case with any attorney outside the Firm.

7. The Firm will provide the Trustee with written status reports on a quarterly basis on the following dates: March 31, June 30, September 30 and December 31 such reports to be in form and substance satisfactory to the Trustee.

8. To the best of the Trustee's knowledge and based upon the Subin Affidavit, the Firm represents no adverse interest to the estate and its creditors and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

## CONCLUSION

9. The Trustee requests that the Court enter an order authorizing employment and retention of the Firm as special counsel to the Trustee.

3

10. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, pursuant to Bankruptcy Code section 327(e), authorizing the Trustee to retain the Firm as her special counsel in the Debtors' case and for such further relief as is just and proper.

Dated: Great Neck, New York
September 7, 2017

Respectfully submitted,

/s/ Lori Lapin Jones, Trustee
Lori Lapin Jones, as Trustee

Chapter 7 Trustee of Regina Dudley and Jason D. McLeod

98 Cutter Mill Road, Suite 201 North
Great Neck, NY 11021
Telephone: (516) 466-4110

# RETAINER AGREEMENT

TO:   SUBIN ASSOCIATES, LLP
      150 Broadway, 23rd Floor
      New York, NY 10038
      (212)285-3800

I, ___Regina Dudley___ (Client), the undersigned retains the law office of SUBIN ASSOCIATES, LLP (law firm), as my attorneys to prosecute a claim for negligence against any and all parties, individuals and/or corporations that are found to be liable under the law for damages suffered by me arising from personal injury sustained by me on ___10/22/15___.
I specifically agree as follows:

**1. FEE PERCENTAGE:** Although I have been advised of the right to retain the law firm under an arrangement whereby the firm would be compensated on the basis of the reasonable value of services rendered or on an hourly rate, I and the law firm agree that the law firm shall be paid Thirty Three and One-Third (33 1/3%) Percent of the sum recovered, whether by suit, settlement or otherwise.

**2. DISBURSEMENTS:** In the event there is no recovery, the Client shall not be obligated to pay the law firm a legal fee for services rendered. Disbursements may include some of the following expenses: court filing fees, sheriff fees, medical and hospital report/record fees, doctor's report, court stenographer fees, deposition costs, expert fees for expert depositions and court appearances, trial exhibits, computer on-line search fees, express mail, postage, photocopy charges, document management charges, long distance telephone charges among other charges. Document management charges are the fees charged by the law firm for processing documents during litigation, such as medical records, documents produced by defendants(s) and/or other parties, etc. Processing of the documents may include but is not limited to the following: (1) scanning; (2) conversion of native files to PDF documents; (3) OCR (Optical Code Recognition); and/or (4) indexing. At the time of settlement and distribution of proceeds, if the law firm has advanced the disbursements, the law firm shall be reimbursed for all disbursements which shall be deducted from the recovery.

In the event that this firm has been retained by others having the same claim or a similar case, disbursements regarding the liability and/or damages of the defendants may be shared proportionately by all such plaintiffs.

The disbursements involved in prosecuting the case may be advanced by the Client or by the law firm. The Client may choose either option. If the Client elects to advance the money for disbursements (Option I), the Client must pay each disbursement as it is incurred. If the Client elects to have the law firm advance the money for Disbursements (Option II), at the end of each case, the law firm shall be reimbursed from the recovery for any disbursements the law firm advanced.

In the event the Client elects to advance the disbursements (Option I), at the time of the final settlement or distribution of judgment proceeds, these expenses shall be deducted prior to the computation of the Attorney's Fee.

In the event the Client elects to have the law firm advance the disbursements (Option II), at the time of the final settlement or distribution of judgment proceeds, these expenses shall be deducted from the Client's share after the computation of the Attorney's Fee.

In the event no choice is selected by the Client, it will be assumed that the Client wishes to have the law firm advance all disbursements (Option II).

**Option I**
(initials)_____ I elect to advance the money for disbursements. I want to be billed for each disbursement as incurred. I understand that my immediate payment of such charges is required as many fees are tied to time-sensitive deadlines.

**Option II**
(initials) _RD_ I elect to have the law firm advance the money for disbursements. I do not want to be billed for each disbursement as incurred. I agree that if there is a recovery of money on my case, the law firm will be reimbursed from that recovery for the costs and expenses advanced by the law firm.

3. **COMPUTATION OF FEES:** The contingency fee shall be computed on the gross recovery, resulting in a net settlement (or judgment), from which all appropriate disbursements in connection with the institution and prosecution of this claim is deducted, as set forth in paragraph 2 above. Examples of how a contingency fee is computed are as follows:

**Option I**
Client advances disbursements:

| | |
|---|---|
| Gross Settlement | $100.00 |
| Disbursements | - $10.00 |
| Net settlement | $90.00 |
| 33 1/3% Attorney's Fee | $30.00 |
| Net to Client | $60.00 |

**Option II**
Law firm advances disbursements:

| | |
|---|---|
| Gross Settlement | $100.00 |
| 33 1/3% Attorney's Fee | $33.33 |
| Net settlement | $66.67 |
| Disbursements | - $10.00 |
| Net to Client | $56.67 |

4. **MEDICAL BILLS:** All medical bills incurred which are not paid by the Client's medical insurance and are due and owing shall be chargeable to the Client's portion of the settlement. There may be additional deductions representing outstanding medical bills, liens to doctors for unpaid

medical services rendered, or medical services not covered by medical insurance. The recovery of these medical services are included in the gross settlement and shall be paid from the net settlement. Unpaid medical providers often will wait for payment until the conclusion of the case, however, in consideration for such abeyance, they will request a lien upon the settlement proceeds. The Client expressly authorize the firm to sign such lien forms, which may be requested by physicians, and to directly pay outstanding medical bills for treatment to such physicians or other health care providers at the conclusion of the case. This authorization shall include medical and hospital expenses, and subrogation claims. The Client understands that medical providers do not provide medical services contingent upon the outcome of a case, and that in the event that there is no recovery, or an insufficient recovery, the Client will remain responsible for the payment of such medical bills.

5. **NO-FAULT PROCESSING FEE:** If this Retainer Agreement is entered for the processing of a claim for personal injuries arising from a motor vehicle accident wherein "No-Fault" insurance is applicable, it is agreed that the undersigned shall pay a fee of $350.00 (Three Hundred Fifty Dollars) upon the successful conclusion of the case for the processing of statutory "No-Fault" benefits. This charge represents a lien on any proceeds of the case in favor of the attorney for professional services rendered in processing the "No-Fault" benefits.

6. **WITHDRAWALS:** The law firm expressly reserves the right to withdraw its representation at any time upon reasonable notification to the Client. In the event that the Client advises the law firm to discontinue the handling of this claim, or if the Client fails to cooperate with the law firm in the handling of this claim, Client agrees to compensate the law firm a reasonable amount for it services, and for the time spent on this claim on an hourly basis or under such other arrangement that may be agreed upon by the parties. The Client understands that the law firm has conditionally accepted this case based upon the independent confirmation of all facts and injuries claimed to have been sustained by Client. In the event that the Client desires to transfer the file from this office, the Client shall be responsible to compensate the law firm for the reasonable value of their services. Such transfer shall not include documents or attorney work product regarding the general liability of the defendants.

7. **APPEALS:** The above contingency fee does not contemplate any appeal. The law firm is under no duty to perfect or prosecute such appeal until a satisfactory fee arrangement is made in writing regarding costs and counsel fees.

8. **STATUTE OF LIMITATIONS:** I understand that the Statute of Limitations period for my case must be investigated and that this Agreement is made subject to that investigation as well as an investigation of my entire case.

9. **FINANCING OF CASE:** If the firm borrows money from any lending institution to finance the cost of the Client's case, the amounts advanced by this firm to pay the cost of prosecuting or defending a claim or action or otherwise protecting or promoting the Client's interest will bear interest at the highest lawful rate allowed by applicable law. In no event will the interest be greater than the amount paid by the firm to the lending institution.

10. **RESULTS NOT GUARANTEED:** No attorney can accurately predict the outcome of any legal matter, accordingly, no representations are made, either expressly or impliedly, as to the final outcome of this matter. I further understand that I must immediately report any changes in my

residence, telephone number or health to the law firm. I understand that this Retainer Agreement is a binding legal contract. I expressly agree that I will fully and freely cooperate with my attorneys in all aspects required for the prosecution of this legal matter and that I will take no actions that frustrate or impair the success of this action.
_____ (initials)

**11. APPROVAL NECESSARY FOR SETTLEMENT:** Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client under the claim as fully as the Client could do so in person. Attorneys are also authorized and empowered to act as Client's negotiator in any and all negotiations concerning the subject of this Agreement.

**12. ASSOCIATION OF OTHER ATTORNEYS:** Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that *the firm* is a limited liability partnership under the laws of New York with a number of attorneys. Various firm attorneys may work on Client's case.

**13. ASSOCIATE COUNSEL:** Attorney may participate in the division of fees in this case and assume joint responsibility for the representation of the Client either in the event that the Attorney retains associate counsel or that the Client later chooses new counsel, provided that the total fee to the Client does not increase as a result of the division of fees and that the attorneys involved have agreed to the division of fees and assumption of joint responsibility.

**14. NEW YORK LAW TO APPLY:** This Agreement shall be considered construed under and in accordance with the laws of the State of New York and the rights, duties and obligations of Client and of Attorneys regarding Attorney's representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of New York.

**15. PARTIES BOUND:** This Agreement shall be binding upon and inure to the benefit of the parties, hereto, and their respective heirs, executors, administrators, legal representative, successors, guardians and assigns.

**16. LEGAL CONSTRUCTION:** In case any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

**17. PRIOR AGREEMENTS SUPERSEDED:** This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understanding or written or oral agreement between the parties respecting the within subject matter.

I, _William Nan_____, Esq. do hereby agree to the aforementioned contents on behalf of the law offices of Subin Associates, LLP.

I certify and acknowledge that I have had the opportunity to read this Agreement and have answered any questions pertaining thereto. I further state that I have voluntarily entered into this Agreement fully aware of the terms and conditions.

If applicable, the aforementioned has been translated from English to
_____. ( )
                       Initials

I, _____, do hereby state that I have translated the aforementioned from English into _____.

DATED: 7/26, 20 16    *Regina Dudley*    (L.S.)

Witness: _____    _____ (L.S.)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                            Chapter 7

REGINA DUDLEY and
JASON D. MCLEOD,                                      Case No. 16-43885 (nhl)

            Debtors.
------------------------------------------------------x

### AFFIDAVIT OF HERBERT SUBIN, ESQ. IN SUPPORT OF APPLICATION TO RETAIN SPECIAL COUNSEL TO THE TRUSTEE

STATE OF NEW YORK   )
                                 ss:
COUNTY OF NEW YORK )

      HERBERT SUBIN, ESQ. being duly sworn, deposes and says:

      1. I am an attorney at law duly admitted to practice and a member in good standing in the Courts of the State of New York.

      2. I am a member of Subin Associates, LLP, a law firm with an office at 150 Broadway, 23rd Floor, New York, New York 10038 ("Firm"). I was admitted to the bar of the State of New York in 1989 and have handled numerous personal injury cases.

      3. I submit this affidavit in support of the application of Lori Lapin Jones, the Chapter 7 trustee ("Trustee"), of the above-captioned debtor, Regina Dudley ("Debtor"), for an order authorizing the Trustee to retain the Firm as her special counsel in the Debtor's case pursuant to section 327(e) of Title 11 of the United States Code ("Bankruptcy Code").

      4. Prior to the Debtor filing her Chapter 7 petition, the Debtor retained the Firm to represent the Debtor in connection with personal injury claims sustained in a motor vehicle accident. The Debtor signed a Retainer ("Retainer") with the Firm under which the Firm is to

receive 33 1/3 percent of all sums recovered net of certain expenses and disbursements.

5. Insofar as I have been able to ascertain, the Firm does not represent any interest adverse to the Debtor and the Firm is disinterested as that term is defined at section 101(14) of the Bankruptcy Code.

6. As part of the Firm's representation of the Trustee, and notwithstanding anything in the Retainer to the contrary it is agreed that in this matter:

(a) any settlement of the personal injury claims shall be subject to the Trustee's written consent and subject to approval by the Court upon proper application;

(b) upon settlement or judgment of the personal injury claims being prosecuted, the gross proceeds from said settlement or judgment shall be turned over to the Trustee for the payment of counsel fees and expenses as allowed by the Court and to be distributed to creditors of the estate in accordance with the Bankruptcy Code;

(c) each and every March 31, June 30, September 30 and December 31 following the date of the order authorizing retention, the Firm shall report in writing to the Trustee, and to the Trustee's satisfaction, regarding the status of the personal injury claims;

(d) payment of expenses or disbursements shall be exclusively from any recovery and neither the Trustee nor the Chapter 7 estate shall be liable for any such expenses or disbursements in the event there are insufficient recoveries; and

(e) the Firm agrees not to endorse any checks or drafts on behalf of the

Debtor or Estate.

(f) the Chapter 7 estate shall not be liable for any medical expenses in the event there are insufficient funds to pay such expenses;

(g) the Firm may not withdraw as counsel without approval of the Bankruptcy Court upon written application on notice;

(h) any additional fee arrangement regarding any appeal shall be subject to approval of the Bankruptcy Court upon written application on notice;

(i) the Firm may not borrow funds to finance the Debtor's case without approval of the Bankruptcy Court upon written application on notice;

(j) the Firm may not retain attorneys outside the Firm to work on the Debtor's case except with Bankruptcy Court approval upon written application on notice; .

7. Neither the Firm nor any of its partners, counsel, associates or employees has agreed to or will agree to share with any entity any compensation received by the Firm in this case other than in accordance with the provisions with the Bankruptcy Code and Bankruptcy Rules.

/s/ Herbert Subin
Herbert Subin

Sworn to before me this
7th day of September, 2017

/s/ Paula Hayes
Notary Public, State of New York
No. 01HA6152540
My Commission Expires 09-19-2018

3