UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                            Chapter 7

REGINA DUDLEY and
JASON D. MCLEOD,                                                       Case No. 1-16-43885-nhl

                Debtors.
-------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION OF
## SPECIAL COUNSEL TO THE TRUSTEE

Upon the application ("Application") of Lori Lapin Jones, Chapter 7 trustee ("Trustee") of the estate of Regina Dudley and Jason D. McLeod ("Debtors"), dated September 7, 2017, and the Affidavit of Herbert Subin, Esq. sworn to on September 7, 2017 ("Subin Affidavit"), seeking entry of an order approving the employment of Subin Associates, LLP ("Firm") as special counsel to the Trustee under section 327(e) of the Bankruptcy Code; and the relief requested being in the best interests of the Debtors' estate; and the Court being satisfied the Firm does not hold or represent any interest adverse to the Trustee or the Debtors or the Debtors' estate; and sufficient cause having been shown, it is hereby

**ORDERED**, that the Trustee is authorized to retain the Firm as special counsel pursuant to section 327(e) of the Bankruptcy Code to represent the Trustee in connection with the personal injury claims of the Debtor as described in the Application; and it is further

**ORDERED**, that except as set forth in this Order the Firm shall be compensated in accordance with the Retainer filed with the Application and the terms set forth in the Application upon the filing of an application and after approval of the Bankruptcy Court; and it is further

**ORDERED**, that each and every March 31, June 30, September 30, and December 31 following the date of this Order until the conclusion of the matter in which the Firm is being retained, the Firm shall report to the Trustee in writing on the status of the personal injury claims; and it is further

**ORDERED**, that notwithstanding anything in the Retainer any settlement of the personal injury claims or action shall be subject to the Trustee's written consent and subject to the approval of the Court upon the Trustee's motion; and it is further

**ORDERED**, that notwithstanding anything in the Retainer upon settlement or other liquidation of the personal injury claims or action, the gross proceeds from said settlement or liquidation shall be promptly turned over to the Trustee for distribution in accordance with the Bankruptcy Code and/or further orders of this Court; and it is further

**ORDERED**, that the Firm shall apply to the Bankruptcy Court upon notice and a hearing for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 330, and Local Bankruptcy Rules; and it is further

**ORDERED**, that notwithstanding anything in the Retainer to the contrary, no changes or amendments may be made to the terms of the Firm's compensation, including with respect to any appeals, without an order of the Bankruptcy Court following an application on notice; and it is further

**ORDERED**, that neither the Trustee nor the chapter 7 estate shall be liable for any expenses or disbursements if there are insufficient recoveries on account of the personal injury claims and expenses or disbursements shall only be reimbursed to the Firm upon application and Court order; and it is further

**ORDERED**, that notwithstanding anything in the Retainer, the Firm shall not be authorized to endorse any checks or drafts on behalf of the Debtor or the chapter 7 estate; and it is further

**ORDERED**, that the chapter 7 estate shall not be liable for any medical expenses in the event there are insufficient recoveries to pay such expenses; and it is further

**ORDERED**, that the Firm may not withdraw as counsel without approval of the Bankruptcy Court upon written application on notice; and it is further

**ORDERED**, that the Firm may not borrow funds to finance the Debtor's case without approval of the Bankruptcy Court on upon written application on notice; and it is further

**ORDERED**, that the Firm may not retain attorneys outside the Firm to work on the Debtor's case except with Bankruptcy Court approval upon written application on notice; and it is further

**ORDERED**, that notwithstanding anything in the Retainer, the Firm may not pay medical liabilities of the Debtor; and it is further

**ORDERED**, that notwithstanding anything in the Retainer, the Firm shall not seek reimbursement of expenses for scanning, converting to PDF and/or using OCR software; and it is further

*[The Order continues on the following page.]*

**ORDERED**, that to the extent there is a conflict between the terms of the Firm's Retainer and this Order, the terms of this Order shall govern.

```
No Objection:

Office of the United States Trustee

Dated:      September 20, 2017

By:    /s/ Nazar Khodorovsky
            Nazar Khodorovsky, Trial Attorney
```



**Dated: Brooklyn, New York**
**September 22, 2017**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**